**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4060**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

EDILVER ROJAS-GOMEZ,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. Malcolm J. Howard, Senior District Judge. (7:10-cr-00058-H-1)

Submitted: September 22, 2011     Decided: November 4, 2011

Before WILKINSON, DAVIS, and WYNN, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Ronald Cohen, Wilmington, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edilver Rojas-Gomez appeals his conviction, following his guilty plea to being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2006), and the seventy-eight-month sentence he received. Rojas-Gomez's attorney filed his appellate brief pursuant to Anders v. California, 386 U.S. 738 (1967), averring there are no meritorious issues for appeal, but questioning the district court's calculation of Rojas-Gomez's advisory Guidelines range. In his pro se supplemental brief, Rojas-Gomez also challenges the calculation of his sentencing range. The Government has moved to dismiss the appeal of Rojas-Gomez's sentence on the basis of the waiver of appellate rights contained in Rojas-Gomez's plea agreement. For the reasons that follow, we grant the Government's motion to dismiss and dismiss the appeal of Rojas-Gomez's sentence, and we affirm his conviction.

We first conclude that Rojas-Gomez has waived his right to appeal his sentence. A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). This court reviews the validity of an appellate waiver de novo, and will enforce the waiver if it is valid and the issue appealed is within the scope thereof. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

An appeal waiver is valid if the defendant knowingly and intelligently agreed to the waiver. Id. at 169. To determine whether a waiver is knowing and intelligent, this court examines the background, experience, and conduct of the defendant. United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995). Based on the totality of circumstances in this case, we conclude that Rojas-Gomez knowingly and intelligently entered into the plea agreement and understood the waiver. See United States v. General, 278 F.3d 389, 400 (4th Cir. 2002).

We further conclude Rojas-Gomez's challenges to the calculation of his advisory Guidelines range fall within the scope of the waiver. According to the plea agreement, Rojas-Gomez waived "the right to appeal whatever sentence is imposed," save for a sentence in excess of the Guidelines range determined at sentencing. (J.A. 9).[*] The seventy-eight-month sentence Rojas-Gomez received was within his Guidelines range. Accordingly, we conclude the waiver bars appellate review of the calculation of Rojas-Gomez's Guidelines range, and thus grant the Government's motion to dismiss the appeal of Rojas-Gomez's sentence.

---

[*] Citations to "J.A." refer to the joint appendix submitted by Appellant.

The appellate waiver does not, however, preclude appellate review of Rojas-Gomez's conviction. Although no challenge to Rojas-Gomez's conviction is raised, because this case is before us pursuant to Anders, we have reviewed the Fed. R. Crim. P. 11 hearing and discern no infirmity in that proceeding. Accordingly, we affirm Rojas-Gomez's conviction.

We have examined the entire record in accordance with the requirements of Anders and have found no meritorious issues for appeal. We thus grant the Government's motion to dismiss as to Rojas-Gomez's sentence and affirm Rojas-Gomez's conviction. This court requires that counsel inform Rojas-Gomez, in writing, of the right to petition the Supreme Court of the United States for further review. If Rojas-Gomez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Rojas-Gomez. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART